UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DARRELL DAROUX NEWBERN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 2:08-CV-101 PS |
| GARY INDIANA POLICE DEPT., | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On January 22, 2007, Darrell Newbern was visiting a residence in Gary, Indiana when several Gary police officers launched stun grenades into the building. Newbern soon found himself in a submissive position, lying face down with his hands behind his head. Although he was cooperating, one of the officers exploded one of the grenades over his body. Newbern suffered severe burns and spinal injuries as a result of the explosion. As Newbern was about to be taken to a local hospital, Newbern overheard one of the officers joking about the incident, making it seem as though the grenade was set off on purpose. This lawsuit followed.

At the time Newbern filed this lawsuit, he was in custody at Lake County Jail. Therefore, pursuant to 28 U.S.C. § 1915A, I must review his *pro se* prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). In the context of a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A

plaintiff's obligation to provide plausible grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (quotation marks and brackets omitted). "Determining whether a complaint states a plausible claim for relief requires me to draw on my judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When dealing with *pro se* litigants, I must construe their pleadings liberally and hold them to less stringent standards than formal pleadings drafted by trained lawyers. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007).

Newbern attempts to bring this action under 42 U.S.C. § 1983, which provides a cause of action to redress a violation of a federally secured right by a person acting under color of state law. *Burrell v. City of Matoon*, 378 F.3d 642, 647 (7th Cir. 2004). There are two main problems with Newbern's complaint. First, he hasn't asserted a violation of a federal right. Instead, he seeks damages under a state law negligence theory. But giving the Newbern the benefit of the doubt, as I must at this stage, his allegations indicate that the officers may have used excessive force by setting off a stun grenade in close proximity to Newbern's body. "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). In Fourth Amendment excessive use of force cases, the question is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. *Id.* In this case, Newbern claims he was he was lying face down in a

2

submissive position when the stun grenade was set off. He also states he was cooperating with the officers and posed no threat to them. So it would seem excessive at that point for an officer to launch a stun grenade at Newbern. If one believes Newbern, the grenade was set off intentionally to harm him. Therefore, giving Newbern the benefit of the inferences he is entitled to at this stage, his allegations state a claim under the Fourth Amendment that the officers used excessive force while placing him under arrest.

The second issue with Newbern's complaint is that he is suing the Gary Police Department. Indiana city police departments are not entities that can be sued because, under state law, they have no separate legal identity apart from the city itself. *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997). Thus the City of Gary – not its police department – is the proper defendant in a Newbern's municipal liability claim. *See id.* In any event, a municipal entity cannot be liable under § 1983 for the actions of individual officers on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Instead, a § 1983 action against a municipality must allege that the execution of the agency's policy or custom inflicted the injury or that the actions were undertaken by a policymaker. *Id.* at 694. There is no indication in the Complaint that the officers involved in the incident were policymakers for the City of Gary or its police department. And while it is not inconceivable to me that the officers were using the stun grenades in accordance with a city policy or custom, Newbern hasn't alleged such a city policy or custom. Therefore, I am dismissing Newbern's claim against Defendant Gary Police Department with leave to amend the complaint to add a properly pled claim against the City of Gary.

The Court will also permit Newbern to amend his complaint to assert a Fourth

Amendment claim against the individual officer who set off the stun grenade. It appears from the Complaint, however, that the identity of the officers at the scene of the incident is unknown at this point. Presumably, the police report relating to the incident would contain the names of the officers who were there that day.

Therefore, the Court:

(1) **GRANTS** Darrell Daroux Newbern leave to proceed against the Gary Police Department solely for the purpose of discovery to identify the officer who exploded the grenade on the plaintiff's body while arresting him on January 22, 2007;

(2) **WAIVES** the Gary Police Department's obligation to file an answer pursuant to 42 U.S.C. § 1997e(g)(2);

(3) **DIRECTS** the Clerk of the Court to place the cause number of this case on a blank 42 U.S.C. § 1983 Prisoner Complaint form and mail it to Darrell Daroux Newbern along with a copy of this order;

(4) **ORDERS** that all discovery permitted by this order be initiated by August 1, 2009;

(5) **ORDERS** Darrell Daroux Newbern to file any amended complaint on or before **September 30, 2009**. The amended complaint must name the officer who set off the grenade and state any alleged facts and claims against that officer. If Newbern wishes to add a claim against the City of Gary, he must sufficiently state a claim of municipal liability in accordance with *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978);

(6) **DISMISSES** all other claims;

(7) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on the Gary Police Department solely for purposes of discovery relating

4

to the identity of the officer who exploded a grenade on Darrell Daroux Newbern during his January 22, 2007, arrest; and

(8) **CAUTIONS** Darrell Daroux Newbern that if he does not comply with the deadlines in this order, this case will be **DISMISSED** without further notice.

**SO ORDERED**.

**ENTERED**: June 29, 2009.

   /s Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT